IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GERALD M. TUTSON, R11994,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 20-cv-207-DWD |
| ) | |
| **NURSE HESS,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Gerald M. Tutson, an inmate of the Illinois Department of Corrections ("IDOC") currently housed at Joliet Treatment Center, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He alleges that when he was incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), Defendant Nurse Hess exhibited deliberate indifference to his serious medical need, causing a delay in treatment and exacerbating his pain. Tutson seeks monetary damages.

Plaintiff's Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual

allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Tutson makes the following allegations in his Complaint (Doc. 1): Tutson has a history of self-harm and suffers from serious mental illness, including bipolar disorder, borderline personality disorder, major depressive disorder, and post-traumatic stress disorder. On September 22, 2019, Tutson inserted two ink pens into his urethra. At 3:30 a.m., Tutson handed Hess a note, which stated, "I have two ink-pens stuck into my urethra, am bleeding, and in extreme pain and am requesting adequate medical care and treatment please." Hess, who was aware of Tutson's status as a seriously mentally ill inmate with a history of self-harm, told Tutson she would have him moved to the healthcare unit after she finished distributing medication to the inmates in his wing. Hess, however, took no action on Tutson's behalf. The following day, at 12:30 p.m., Tutson told a correctional officer he needed medical care and was transferred to the healthcare unit. Thereafter, Tutson was transferred to an outside hospital for emergency surgery.

Based on the allegations in the Complaint, the Court designates the following Count:

> **Count 1:** **Eighth Amendment claim against Nurse Hess for deliberate indifference to a serious medical need.**

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is**

**mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*.**[1]

### Discussion

At this stage, Tutson's allegations state a viable claim for deliberate indifference against Hess. *See Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) ("Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain.").

### Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives preliminary review pursuant to 28 U.S.C. § 1915A. Count 1 will proceed against Defendant Hess.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants HESS: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1) and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**IT IS ORDERED** that, if Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** November 12, 2021

                                                **David W. Dugan**
                                                **United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the defendant of your lawsuit and serve her with a copy of your complaint. After service has been achieved, defendant will enter her appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When defendant has answered, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed as a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear. As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, Plaintiff will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.